**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Boyan S. Denkov,** | Bankruptcy No. 16-36589 |
| Debtor. | Honorable Pamela S. Hollis |

**COVER SHEET FOR FINAL FEE APPLICATION OF
FACTORLAW FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Peter N. Metrou, Chapter 7 Trustee for the estate of Boyan S. Denkov |
| Date of Order Authorizing Employment: | April 21, 2017, with employment effective April 3, 2017 |
| Period for Which Compensation is Sought: | April 4, 2017 – October 9, 2018 |
| Amount of Fees Sought: | $20,847.50 |
| Amount of Expense Reimbursement Sought: | $183.63 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

Dated: October 9, 2018        **FactorLaw**,

                By: */s/ Ariane Holtschlag*

{00126470 2}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Boyan S. Denkov,** | Bankruptcy No. 16-36589 |
| Debtor. | Honorable Pamela S. Hollis |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, November 2, 2018, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois, on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **First and Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: October 9, 2018              **FactorLaw**

                                    By: */s/ Ariane Holtschlag*
                                    One of its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00126470 2}                        2

## CERTIFICATE OF SERVICE

  I, Ariane Holtschlag, an attorney, hereby certify that on October 9, 2018, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *First and Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

                      */s/ Ariane Holtschlag*

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Ariane Holtschlag** | aholtschlag@wfactorlaw.com; bharlow@wfactorlaw.com; gsullivan@ecf.inforuptcy.com; holtschlagar43923@notify.bestcase.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Peter N Metrou** | trustee7@metandnem.com; met.trustee7@att.net; pmetrou@ecf.epiqsystems.com |
| **Monica C O'Brien** | gstern1@flash.net |
| **Daniel Rubin** | drubin@howardandhoward.com |
| **Gregory K Stern** | greg@gregstern.com; steve_horvath@ilnb.uscourts.gov |

| | | |
|---|---|---|
| Service List<br>Case 16-36589 | BMO HARRIS BANK<br>ATTN: BRK-180-RC<br>770 N WATER ST<br>MILWAUKEE, WI 53202-0002 | TOYOTA MOTOR CREDIT CORPORATION<br>14841 Dallas Parkway, Suite 300<br>Dallas, TX 75254-7883 |
| Boyan S Denkov<br>11325 S. Marathon Ln<br>Plainfield, IL 60585-6133 | American Express<br>PO Box 297879<br>Fort Lauderdale, FL 33329-7879 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| BMO Harris Bank<br>Howard & Howard<br>Attorney attn: Daniel Rubin<br>200 S Michigan Ave Suite 1100<br>Chicago IL 60604-2461 | BMO Harris Bank N.A.<br>200 S Michigan Ave Ste 1100<br>Chicago, IL 60604-2461 | BMO Harris Bank N.A.<br>P.O. Box 71951<br>Chicago, IL 60694-1951 |
| Bank of America<br>Nc4-105-03-14<br>PO Box 26012<br>Greensboro, NC 27420-6012 | Chase<br>Attn: Correspondence Dept<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Consumer Financial Services<br>4 Research Dr., Ste 102<br>Shelton, CT 06484-6242 |
| Fleet One<br>Greenberg Grant & Richards, Inc.<br>PO Box 571811<br>Houston, TX 77257-1811 | GE Transportation Finance<br>PO Box 642222<br>Pittsburgh, PA 15264-2222 | Kinetic Leasing, Inc.<br>3345 39th Street S, Ste 2<br>Fargo, ND 58104-7539 |
| Seterus Inc<br>14523 SW Millikan Way St<br>Beavertton, OR 97005-2352 | (p)TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | Wells Fargo Bank, N.A.<br>Small Business Lending Division<br>P.O. Box 29482<br>Phoenix, AZ 85038-9482 |
| Wells Fargo Business Direct<br>MAC S4101-050<br>PO Box 29482<br>Phoenix, AZ 85038-9482 | (p)WELLS FARGO BANK NA<br>WELLS FARGO HOME MORTGAGE AMERICAS SERVICING<br>ATTN BANKRUPTCY DEPT MAC X7801-014<br>3476 STATEVIEW BLVD<br>FORT MILL SC 29715-7203 | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Boyan S. Denkov,** | Bankruptcy No. 16-36589 |
| Debtor. | Honorable Pamela S. Hollis |

### FACTORLAW'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Ariane Holtschlag and the Law Office of William J. Factor, Ltd. (collectively "***FactorLaw***"), counsel for Peter N. Metrou, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Boyan S. Denkov (the "***Debtor***"), hereby submits its final application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$20,847.50** for legal services performed by FactorLaw during the period of April 4, 2017 through October 9, 2018 (the "***Application Period***") and **$183.63** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

### JURISDICTION

1.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.     Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00126470 2}                                            4

## BACKGROUND

4.     On November 16, 2016, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5.     Peter N. Metrou was appointed as the interim trustee in the Case pursuant 11 U.S.C. § 701 and now serves as the permanent trustee in the Case. The Trustee is duly qualified and has all the powers of a trustee under, among other provisions, 11 U.S.C. § 704.

6.     On April 21, 2017, the Court approved the Trustee's retention of FactorLaw retroactive to April 3, 2017 to investigate certain assets of the Estate.

7.     Among the assets of the Estate was: 1) a 2001 Freightliner FLD120 and a 2000 Wabash Reefer Trailer (collectively, the "**Vehicles**"); 2) the Debtor's one-half interest in real estate commonly known as Flat No. 6 and Garage No. 6 of Residential Building "Krum Bekov" 17, Vidin, Bulgaria (the "**Bulgarian Property**") as well as the Debtor's one-third interest in real estate commonly known as 640 Beaver Court in Naperville, Illinois (The "**Naperville Property**" and collectively with the Bulgarian Property, the "**Real Estate**"); and 3) the Debtor's interest in The Steven Kamenoff Living Trust (the "**Trust**").

8.     The Debtor and the Trustee came to a settlement agreement granted by this Court on June 8, 2018, that allowed the Debtor to pay $22,500.00 as a settlement amount and in turn the Trustee released the Estate's interest in the Bulgarian Property and the Naperville Property.

9.     On November 11, 2017, the Vehicles were sold at auction, netting a total of $9,558.20 for the Estate.

10.     On June 8, 2018, this Court approved a settlement between the Trustee and the Debtor wherein the Debtor paid $22,500 in exchange for the Trustee's abandonment of his interest in the Real Estate.

11. On September 21, 2018, after extensive briefing relating to the Debtor's interest in the Trust, this Court approved a settlement between the Trustee and the Debtor wherein the Debtor paid $100,000 in exchange for the Trustee's abandonment of his interest in the Trust.

12. Both settlements have now been fully consummated and the Trustee is preparing to file his final report.

## FEE APPLICATION

### I. Services performed.

13. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

14. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

*1.   Summary of Services by professional.*

15. FactorLaw spent a total of 67.3 hours at a cost of $20,847.50 in connection with this Case during the Application Period.

16. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate[1] | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Partner | $325/$350 | 59.9 | $19,457.50 |
| Danielle Ranallo | Legal Asst. | $75/$100 | 4.9 | $475.00 |

---

[1] In the ordinary course of FactorLaw's business and during the Application Period, the hourly rates of certain FactorLaw professionals have been increased. For each professional, all hourly rates applicable to the Application Period are listed herein.

{00126470 2}                                6

| Professional | Title | Hourly Rate[1] | Total Hours | Value |
|---|---|---:|---:|---:|
| Jeffrey K. Paulsen | Partner | $350 | 1.7 | $595.00 |
| William J. Factor | Partner | $400 | 0.8 | $320.00 |
| | | **Totals:** | **67.3** | **$20,847.50** |

A. *Itemization of fees by category of Services rendered.*

17. **Case Administration.** FactorLaw spent a total of 9.9 hours at a cost of $2,152.50 on matters relating to case administration.

18. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---:|---:|---:|
| Ariane Holtschlag | Partner | $325/$350 | 7.9 | $1,952.50 |
| Danielle Ranallo | Legal Asst. | $75/$100 | 2.0 | $200.00 |
| | | **Totals:** | **9.9** | **$1,737.50** |

19. **Asset Disposition.** FactorLaw spent a total of 42.7 hours at a cost of $13,962.50 on matters relating to liquidation of the Vehicles, the Real Estate and the Trust.

20. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---:|---:|---:|
| Ariane Holtschlag | Partner | $325/$350 | 37.9 | $12,832.50 |
| Danielle Ranallo | Legal Asst. | $75/$100 | 2.3 | $215.00 |
| Jeffrey K. Paulsen | Partner | $350 | 1.7 | $595.00 |
| William J. Factor | Partner | $400 | 0.8 | $320.00 |

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| | | Totals: | 42.7 | $13,962.50 |

21. **Settlement.** FactorLaw spent a total of 14.7 hours at a cost of $4,732.50 on matters relating to settlements relating to the Real Estate and the Trust.

22. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Partner | $325/$350 | 14.1 | $4,672.50 |
| Danielle Ranallo | Legal Asst. | $75/$100 | 0.6 | $60.00 |
| | | Totals: | 5.5 | $4,732.50 |

II. **Expenses**

23. FactorLaw incurred $183.63 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

24. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

III. **FactorLaw's retention was appropriate through the Application Period**

25. During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

{00126470 2}                                8

26. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

27. Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

28. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

29. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar'

figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

30. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

31. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $309.77. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$20,847.50**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$183.63**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses up to a total amount of **$21,031.13**; and

D. Granting such other relief as the Court deems just and equitable.

Dated: October 9, 2018                                **FactorLaw**

                                                     By: */s/ Ariane Holtschlag*
                                                     One of Its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com